Roberto Luis Costales, Esq. (#33696)
William H. Beaumont, Esq. (#33005)
Emily A. Westermeier, Esq. (#36294)
BEAUMONT COSTALES
3801 Canal Street Suite 207
New Orleans, LA 70119
Telphone: (504) 534-5005
costaleslawoffice@gmail.com
whbeaumont@gmail.com
emily.costaleslawoffice@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SANTOS GOMEZ, on behalf of himself and other persons similarly situated,<br>            Plaintiff,<br><br>vs.<br><br>MLM REMODELING, LLC,<br>N & T IMPROVEMENTS, LLC, and<br>MYKOLA UDYCH,<br>            Defendants. | Case No.:<br><br><br><br>COLLECTIVE ACTION COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff Santos Gomez, through his attorneys, Roberto Luis Costales, William H. Beaumont, and Emily A. Westermeier, files this Collective Action Complaint against Defendants MLM Remodeling, LLC, N & T Improvements, LLC, and Mykola Udych.

## NATURE OF THE ACTION

1. This is an action by Santos Gomez ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiff was employed as a general construction laborer by Defendants MLM Remodeling, LLC, N & T Improvements, LLC ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

COLLECTIVE ACTION COMPLAINT - 1

2. Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

**JURISDICTION**

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

**VENUE**

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

**PARTIES**

**Plaintiff Santos Gomez**

5. Plaintiff is a resident of Louisiana.

6. Plaintiff was hired by Defendants in approximately November 2015 and worked for Defendants for approximately a year and a half.

7. Plaintiff worked at numerous projects for Defendants in Louisiana, including jobsites in New Orleans and Covington. Each of Defendants' worksites were populated by at least 10 other laborers.

8. Plaintiff worked as a painter.

9. Defendants paid Plaintiff $110 per day. For every hour that he worked in excess of forty in any particular week he was still only paid $110 per day.

10. At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

COLLECTIVE ACTION COMPLAINT - 2

### Defendants MLM Remodeling, LLC and N & T Improvements, LLC

11. Defendants MLM Remodeling, LLC and N & T Improvements, LLC are limited liability companies organized under the laws of Louisiana with their principal place of business in Metairie, Louisiana. They are both owned and operated by Defendant Mykola Udych, have a common business purpose, and are based out of the same address.

12. Defendants MLM Remodeling, LLC and N & T Improvements, LLC are collectively a "single enterprise" and are hereinafter in this complaint referred to as "MLM."

13. MLM provides commercial and residential contractor services in the Greater New Orleans Area. MLM specializes in renovations and remodels.

14. MLM supervised the day to day work activities of Plaintiff.

15. MLM determined Plaintiff's work schedule for the employment at issue herein.

16. The paychecks that the Plaintiff received for the employment at issue herein regularly bore the name "N & T Improvements, LLC."

17. MLM maintains an employment file for the Plaintiff.

18. MLM is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

19. MLM is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant Mykola Udych

20. Defendant Mykola Udych is the owner of Defendants MLM Remodeling, LLC and N & T Improvements, LLC.

COLLECTIVE ACTION COMPLAINT - 3

21. At all pertinent times herein Defendant Mykola Udych had the authority to hire and fire MLM employees, including the Plaintiff herein.

22. At all pertinent times herein Defendant Mykola Udych maintained executive authority over the jobs MLM employees were provided, including the location, duration, and rate-of-pay for those jobs.

**FACTUAL ALLEGATIONS**

23. Defendants are commercial and residential contractors who provide renovation and remodeling services in the Greater New Orleans Area. Defendants employ more than 10 employees at various job sites simultaneously.

24. Defendants paid Plaintiff by check.

25. Plaintiff normally worked more than 40 hours a week for the Defendants. On average, Plaintiff worked at least 45 hours per week.

26. Defendants never paid Plaintiff one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

27. Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

**COLLECTIVE ACTION ALLEGATIONS**

28. Defendants paid the named Plaintiff and other similarly situated employees at a day rate for work performed.

29. Defendants treated the named Plaintiff and other similarly situated employees as exempt from the FLSA's overtime requirements.

COLLECTIVE ACTION COMPLAINT - 4

30. When the named Plaintiff and other similarly situated employees worked for Defendants, they were not exempt from the FLSA's overtime requirement.

## COUNT I
## Fair Labor Standards Act – FLSA Overtime Class

31. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

32. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of himself and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly, day rate, or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

33. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least March 2014 and continuing until the present.

34. As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so

that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

*/s/ Roberto Luis Costales*

Roberto Luis Costales
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #33696
Telephone: (504) 534-5005
Facsimile: (504) 272-2956
*costaleslawoffice@gmail.com*

*/s/ Emily A. Westermeier*

Emily A. Westermeier
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #36294
Telephone: (504) 534-5005
*emily.costaleslawoffice@gmail.com*

*/s/ William H. Beaumont*

William H. Beaumont
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #33005
Telephone: (504) 483-8008
*whbeaumont@gmail.com*

*Attorneys for Plaintiff*